# EXHIBIT A

21953756.1:05000-1967

Electronically Filed
12/6/2021 2:40 PM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
Anthony M. Paglia
Nevada Bar No. 11234
Chandler R. Keeton
Nevada Bar No. 15940
**ANTHONY PAGLIA INJURY LAWYER, LTD**
5358 S. Eastern Ave
Las Vegas, NV 89119
Tel: 702.830.7070
Fax: 702.522.0504
Email: chandler@anthonypaglia.com

CASE NO: A-21-845018-C
Department 15

Attorneys for Plaintiff, JOVANNI OSEGUERA

## EIGHTH JUDICIAL DISTRICT COURT

## CLARK COUNTY, NEVADA

| | |
|---|---|
| JOVANNI OSEGUERA, an individual, | **CASE NO.:** |
| Plaintiff, | **Dept:** |
| v. | |
| | **COMPLAINT and DEMAND FOR JURY TRIAL** |
| POSTMATES, LLC; POSTMATES, INC.; TIMOTHY ALLEN VANDYKE; and DOES 1 through 10 inclusive, and ROE CORPORATIONS 1 – 10 inclusive. | **EXEMPT FROM ARBITRATION (Amount in controversy exceeds $50,000)** |
| Defendants, | |

COMES NOW, Plaintiff JOVANNI OSEGUERA, by and through his counsel of record CHANDLER R. KEETON of ANTHONY PAGLIA INJURY LAWYER, and for his causes of action against the Defendants allege as follows:

### PARTIES AND JURISDICTION

1.     That Plaintiff, JOVANNI OSEGUERA, (hereinafter "OSEGUERA" or "Plaintiff"), is now, and at all times herein has been a resident of the state of Nevada.

**COMPLAINT**

2.      Plaintiff is informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant POSTMATES, LLC, (hereinafter "POSTMATES"), was a foreign limited-liability company, operating and doing business within the State of Nevada, County of Clark.

3.      Plaintiff is informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant POSTMATES, INC, (hereinafter "POSTMATES"), was a foreign corporation, operating and doing business within the State of Nevada, County of Clark.

4.      Plaintiff is informed, believes and thereon alleges that at all times relevant to these proceedings, Defendant TIMOTHY ALLEN VANDYKE was and is a resident of the County of Clark, State of Nevada.

5.      At all times relevant hereto, Defendant TIMOTHY ALLEN VANDYKE was employed by POSTMATES and was acting in the course and scope of his employment with POSTMATES.

6.      Pursuant to NRCP 10(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true names and capacities, whether individual, corporate, associate or otherwise of Defendants named herein as DOE EMPLOYEES I through X and DOES I through X, and ROE CORPORATIONS I through X, are unknown to Plaintiff, who, therefore, sues said Defendants by said fictitious names. Upon information and belief, these DOE and ROE Defendants, and each of them, are responsible in some manner for the events and happenings upon which this action is premised, or of similar actions directed against Plaintiff about which Plaintiff is presently unaware, and which directly and proximately caused injury and damages to Plaintiff as herein alleged. DOE and ROE Defendants include, but are not limited to employees, independent contractors, subcontractors, suppliers and/or drivers.  Plaintiff will ask leave of this Court to amend his Complaint to insert the true names and capacities of, DOE EMPLOYEES I through X, DOES I through X, and ROE ENTITIES I through X, when the same have been ascertained and to join such Defendants in this action.

7.      Such DOES and ROE CORPORATIONS, include, but are not limited to the predecessors and successors in the interest of Defendants, and each of them.

-2-

8.     That Defendants, and each of them, include the subsidiaries, parent companies, successors and predecessors in interest, assignees, alter egos, or otherwise, and are liable for the liabilities of Defendants and each of them.

9.     That Defendants at all times herein mentioned, all of the Defendants were the agents, servants and employees of each and every other Defendant and were working and acting within the course of said employment and agency.

10.     This Court has jurisdiction over Defendants because Defendants were traveling in Clark County, Nevada at the time of the subject collision and the individual Defendants live in Clark County, Nevada.  Moreover, all Defendants have had such minimum contacts with the state of Nevada so as to grant this Court jurisdiction over them, whether generally, or as a specific result of the facts giving rise to this complaint.  Further, this case involves damages exceeding $15,000.00. Venue is proper, as the subject collision and conduct of Defendant occurred within Clark County in the state of Nevada.

11.     That on or about November 6, 2019, Plaintiff JOVANNI OSEGUERA was a driver of a 2007 Lexus ES 350 which was owned by TARA RAMIREZ, who was a passenger in the vehicle.

12.     Also on November 6, 2019, Defendant TIMOTHY ALLEN VANDYKE was the driver of a 2005 Dodge Ram Pickup.

13.     At said time and place, Defendant TIMOTHY ALLEN VANDYKE was in the course and scope of his employment, partnership, association and/or agency with POSTMATES.

14.     That the vehicle in which JOVANNI OSEGUERA was in was traveling southbound on Dean Martin Drive.

15.     That TIMOTHY ALLEN VANDYKE failed to properly yield at a stop sign, pulled out, failed to yield the right of way causing a collision with JOVANNI OSEGUERA'S vehicle.

16.     The force and impact caused by TIMOTHY ALLEN VANDYKE'S vehicle caused it to roll over and land on top of TARA RAMIREZ's vehicle.

17.     TARA RAMIREZ's vehicle then hit the concrete barrier causing its left rear

wheel to come off.

18.    The collision caused Plaintiff to suffer serious, debilitating and permanent injuries.

## **FIRST CLAIM FOR RELIEF**

### **(NEGLIGENCE Against All DEFENDANTS)**

19.    Plaintiff incorporates by reference the allegations contained in previous paragraphs as though set forth fully herein.

20.    Defendant, TIMOTHY ALLEN VANDYKE, owed Plaintiff a duty of reasonable and ordinary care to ensure that his operation of the vehicle was not in a negligent, careless, reckless, or wanton manner.

21.    Defendant, TIMOTHY ALLEN VANDYKE, failed to exercise reasonable care while driving and so negligently, carelessly and recklessly controlled the vehicle he was driving when he failed to yield the right of way so as to cause a collision with the vehicle driven by Plaintiff, JOVANNI OSEGUERA.

22.    That Defendant, TIMOTHY ALLEN VANDYKE's breach was the actual and proximate cause of Plaintiff's injuries and damages.

23.    That Defendants POSTMATES are vicariously liable to Plaintiff by virtue of the doctrine of respondeat superior in that Defendant, TIMOTHY ALLEN VANDYKE, was acting within the course and scope of his employment and/or agency for Defendants, at all relevant times material to the matter set forth in this action.

24.    That Defendants POSTMATES are liable for the actions of their agent TIMOTHY ALLEN VANDYKE.

25.    That the sole and proximate cause of the collision described above was the negligence and carelessness of Defendants, and each of them.

26.    Additionally, Defendant, TIMOTHY ALLEN VANDYKE, failed to comply with the traffic laws of the State of Nevada as provided by the Nevada Revised Statutes, and that violation was the legal cause of Plaintiff's injuries and Plaintiff was a member of a class

designed to be protected by this statute. Therefore, Defendants are negligent per se for the rear-end collision under this law.

27.     That as a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff sustained serious injuries all or some of which conditions may be permanent or disabling in nature, causing general and special damages in an amount to be determined at trial, but which are in excess of $15,000.

28.     That as a further direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, Plaintiff incurred, and will incur in the future, medical expenses in an amount to be proven at the time of trial.

29.     That as a further and direct proximate cause of the negligence of the Defendants, and each of them, Plaintiff has suffered and continue to suffer a significant deterioration in her enjoyment of life and lifestyle.

30.     As a further direct and proximate result of the negligence, carelessness and recklessness of Defendants and each of them, Plaintiff has had to retain the services of an attorney to prosecute this action and are entitled to reasonable attorneys' fees and costs of suit incurred herein.

## SECOND CLAIM FOR RELIEF
## NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION
### as to Defendants POSTMATES)

31.     Plaintiff re-alleges and incorporates by reference the allegations contained in all the preceding paragraphs of this Complaint as though fully set forth herein.

32.     Defendants, POSTMATES, had a duty to exercise ordinary and reasonable care in screening, hiring, and supervising its employees, contractors, agents, servants, partners, and/or associates, including Defendant TIMOTHY ALLEN VANDYKE, to ensure the foregoing were qualified and suitable to perform their duties in a reasonable safe manner so as to protect others from unreasonable risk of harm.

33.     Defendants, POSTMATES had a duty and are required to exercise due care in the hiring of its employees, contractors, agents, servants, partners, and/or associates so as to not

1   cause harm to the public during the scope and course of employment and/or agency.

2         34.    Defendants, POSTMATES, are required to provide their employees, contractors,

3   agents, servants, partners, and/or associates with proper supervision and training so as not to

4   cause harm to the public during the course and scope of employment and/or agency.

5         35.    Defendants, POSTMATES, breached their duty by failing to adequately hire, train

6   and/or supervise TIMOTHY ALLEN VANDYKE, resulting in Defendant, TIMOTHY ALLEN

7   VANDYKE's negligent operation of the vehicle, which caused the subject incident to occur.

8         36.    The negligence, carelessness and recklessness of Defendants, POSTMATES, in

9   its hiring, training, supervising, and retention of Defendant, TIMOTHY ALLEN VANDYKE,

10   were the actual and proximate cause of Plaintiff's damages.

11         37.    As a direct and proximate result of the aforementioned negligent acts of

12   Defendants, POSTMATES, Plaintiff has suffered general and special damages in an amount in

13   excess of $15,000.

14         38.    As a direct and proximate result of the negligence, carelessness and recklessness

15   of Defendants, and each of them, Plaintiff suffered serious injuries all or some of which

16   conditions are permanent and disabling in nature, causing general damage in an amount to be

17   determined at trial, and in excess of $15,000.

18         39.    As a further direct and proximate result of the negligence, carelessness and

19   recklessness of Defendants, and each of them, Plaintiff incurred, and will incur in the future,

20   significant medical expenses in an amount to be proven at the time of trial, and in excess of

21   $15,000.

22                        **PRAYER FOR RELIEF**

23         WHEREFORE, Plaintiff, JOVANNI OSEGUERA, reserving his right to amend this

24   Complaint at the time of trial to include all items of damaged not yet ascertained, demands

25   judgment against Defendants and each of them as follows:

26         1.    General damages in excess of Fifteen Thousand Dollars ($15,000);

27         2.    Special damages for medical care and treatment costs incident thereto when the

28   same has been fully ascertained; BUT UPON INFORMATION AND BELIEF ARE IN EXCESS

OF $15,000;

3.    For damages and costs of future medical care and treatment and costs incidental thereto, when the same have been fully ascertained;

4.    For prejudgment interest;

5.    For reasonable attorney's fees;

6.    For costs of suit herein;

7.    For such other and further relief as the Court deems proper.

Dated this 6th day of December 2021.

By: _____
Chandler R. Keeton, Esq.
Nevada Bar No. 15940
**ANTHONY PAGLIA INJURY LAWYER,LTD**
5358 S. Eastern Ave
Las Vegas, NV 89119

Attorneys for Plaintiff JOVANNI OSEGUERA

## DEMAND FOR JURY TRIAL

Plaintiff, by and through his attorneys of record, ANTHONY PAGLIA INJURY LAWYER, hereby demands a jury trial of all of the above issues in the above matter.

Dated this 6th day of December 2021.

By: _____
Chandler R. Keeton, Esq.
Nevada Bar. No. 15940
**ANTHONY PAGLIA INJURY LAWYER, LTD**
5358 S. Eastern Ave
Las Vegas, NV 8911

Attorneys for Plaintiff JOVANNI OSEGUERA