Joel D. Odou
Nevada Bar No. 7468
Susana Santana
Nevada Bar No. 13753
**WOOD, SMITH, HENNING & BERMAN LLP**
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Phone: 702 251 4100 ♦ Fax: 702 251 5405
jodou@wshblaw.com
ssantana@wshblaw.com

Attorneys for Postmates, LLC, Postmates, Inc.
and Timothy Allen Vandyke

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| JOVANNI OSEGUERA, an individual,<br><br>   Plaintiff,<br><br>v.<br><br>POSTMATES, LLC; POSTMATES, INC; TIMOTHY ALLEN VANDYKE; and DOES 1 through 10, inclusive, and ROE CORPORATIONS 1 - 10 inclusive,<br><br>   Defendants. | Case No. 2:22-cv-00216-JAD-EJY<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES (FIRST REQUEST)**<br><br>Trial Date:         None Set |

Defendant, TIMOTHY ALLEN VANDYKE filed a Notice of Chapter 7 Bankruptcy on April 11, 2022 in the United States Bankruptcy Court for the Middle District of Pennsylvania, Case Number 4:22-bk-00658-MJC. On May 5, 2022 TIMOTHY ALLEN VANDYKE filed a Notice of Bankruptcy before this Court. See, ECF 26. Pursuant to LR 6-1 and LR 26-3, and for good cause shown, the parties, by and through their respective counsel of record hereby stipulate and agree to and jointly move this Honorable Court for an order to continue discovery until the automatic stay in place due to the bankruptcy filing is lifted. This is the first stipulation for extension of time to complete discovery.

**A.   DISCOVERY COMPLETED TO DATE**

The parties have completed the following disclosures and discovery:

1.   Defendants Postmates, LLC, Postmates, Inc. and Timothy Allen Vandyke served their initial disclosure on March 18, 2022.

2.   Plaintiff served his initial disclosure on March 23, 2022.

3.   Defendants Postmates, LLC, Postmates, Inc. and Timothy Allen Vandyke served their first supplemental disclosure on April 12, 2022.

4.   Defendant Postmates, LLC issued interrogatories to Plaintiff on April 19, 2022.

5.   Defendant Postmates, LLC issued requests for production to Plaintiff on April 19, 2022.

6.   Defendant Postmates, LLC issued requests for admission to Plaintiff on April 19, 2022.

7.   During this time, the parties were also in discussions to schedule an Independent Medical Examination of Plaintiff with Dr. Wang, and were working out parameters for the same.

8.   Defendant, Timothy Allen Vandyke filed a Notice of Chapter 7 Bankruptcy on April 11, 2022 in the United States Bankruptcy Court for the Middle District of Pennsylvania, Case Number 4:22-bk-00658-MJC.  See, ECF 26.

9.   On May 5, 2022, Defendant, Timothy Allen Vandyke, filed a NOTICE OF BANKRUPTCY regarding his Chapter 7 Bankruptcy before this Court. See, ECF 26.

10.   On May 9, 2022 Plaintiff filed a Motion to Lift Automatic Stay Pursuant to 11 U.S.C. §362 to allow him to liquidate his claims against debtor, Timothy Allen Vandyke, and pursue recovery from insurance policies and proceeds. See, ECF 28.

11.   Plaintiff served his first supplemental disclosure on May 9, 2022.

12.   On May 20, 2022 Defendants, Postmates, LLC, Postmates, Inc. and Timothy Allen Vandyke filed an Opposition to Plaintiff's Motion to Lift Automatic Stay Pursuant to 11 U.S.C. §362. See, ECF 27.

**B.   DISCOVERY REMAINING TO BE COMPLETED**

1.   Depositions of parties and/or witnesses;

2.   Depositions of person(s) most knowledgeable;

3.   Depositions of treating physicians;

4. Initial expert reports;

5. Rebuttal reports;

6. Expert depositions;

7. Additional written discovery;

8. Disclosure of additional documents;

9. Subpoena/Obtain additional documents as necessary;

10. The parties also anticipate that they may need to conduct other forms of discovery, though not specifically delineated herein, and anticipate doing so only on an as-needed basis.

## C. REASON FOR REQUEST FOR EXTENSION OF DISCOVERY DEADLINES

A scheduling order can be modified "for good cause and with the judge's consent." FRCP 16(b)(4). "A motion or stipulation to extend time must state the reasons for the extension requested and must inform the court of all previous extensions of the subject deadline the court granted." LR AI 6-1 (a). "District courts should generally allow amendments of pre-trial orders when 'no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight.'" *Campbell Industries v. M/V Gemini*, 619 F.2d 24, 27-28 (9th Cir. 1980) (*quoting Angle v. Sky Chef, Inc.*, 535 F.2d 492, 495 (9th Cir. 1976); *Sherman v. United States*, 462 F.2d 577, 579 (5th Cir. 1972)).

Here, Defendant, TIMOTHY ALLEN VANDYKE filed a Notice of Chapter 7 Bankruptcy on April 11, 2022 in the United States Bankruptcy Court for the Middle District of Pennsylvania, Case Number 4:22-bk-00658-MJC. On May 5, 2022, Defendant, Timothy Allen Vandyke, filed a NOTICE OF BANKRUPTCY regarding his Chapter 7 Bankruptcy before this Court. See, ECF 26. Therefore, pursuant to LR 6-1 and LR 26-3, and for good cause shown, the parties, by and through their respective counsel of record hereby stipulate and agree to and jointly move this Honorable Court for an order to continue discovery until the automatic stay in place due to the bankruptcy filing is lifted. This is the first stipulation for extension of time to complete discovery.

There is no dispute among the parties that an extension would cause any injury or injustice, and that a refusal of extension could prejudice the parties. The parties were further engaged in extensive discovery efforts prior to the bankruptcy filing, and have diligently worked to continue to

conduct discovery in an effort to complete the same. The parties were coordinating efforts to schedule Plaintiff for an Independent Medical Examination with Dr. Wang. Additionally, prior to the automatic stay Plaintiff counsel had been replaced in this matter, and time to get up to speed would be beneficial. The parties were also engaged in written discovery efforts and continued to exchange documentation and discovery responses as they became due. The parties further contemplated early resolution efforts amidst discovery efforts and were fleshing out the same. Furthermore, three separate suits have been filed pertaining to the car accident at hand[1] which occurred on November 6, 2019. Thus, additional coordination efforts were undertaken by counsel for Defendants Postmates, LLC and Timothy Allen Vandyke, in order to address challenges that impact all 3 matters as they each have an independent discovery schedule.

In sum, the parties have diligently conducted discovery up to this point and due to Mr. Timothy Allen Vandyke's Notice of Bankruptcy which automatically stays discovery, the same is at a stand-still. Therefore, good cause exists for modification of the current scheduling order to avoid prejudice to the parties and ensure no harm will result from the automatic discovery stay, and that once the stay is lifted the parties will be given enough time to re-schedule all outstanding discovery.

**D.    CURRENT SCHEDULE TO COMPLETE REMAINING DISCOVERY:**

| | |
|---|---|
| Amend pleadings/Add parties: | Not applicable |
| Initial experts: | June 3, 2022 |
| Rebuttal experts: | July 4, 2022 |
| Discovery Cutoff | August 3, 2022 |
| Dispositive Motions | September 2, 2022 |
| Joint Pre-Trial Order | October 8, 2022 |

**E.    PROPOSED SCHEDULE FOR COMPLETING DISCOVERY**

| | |
|---|---|
| **Amend pleadings/Add parties:** | **Not applicable** |
| **Initial experts** | **TBD until automatic stay lifted** |

---

[1] The three lawsuits include the suit at hand *Oseguera v. Postmates, et. al.* (2:22-cv-00216-JAD-EJY), *Ramirez v. Postmates, LLC, et. al.* (A-21-843552-C), and *Salas v. Postmates, et. al.* (2:21-cv-02031-JAD-NJK).

| | | |
|---|---|---|
| | **Rebuttal experts:** | **TBD until automatic stay lifted** |
| | **Discovery Cutoff** | **TBD until automatic stay lifted** |
| | **Dispositive Motions** | **TBD until automatic stay lifted** |
| | **Joint Pre-Trial Order** | **TBD until automatic stay lifted** |

**F.   CURRENT TRIAL DATE:**

No trial is yet scheduled in this matter. A joint proposed pretrial order is due on July 8, 2022, or 30 days following this Court's ruling on any dispositive motions, if filed. The parties seek that the same be due 30 days after this Court's ruling on dispositive motions.

**G.   REQUEST NUMBER:**

This is the **first** request for an extension of time to complete discovery.

Wherefore, the parties respectfully request that the Court grant this request to extend the discovery deadlines as outlined above.

**IT IS SO AGREED.**

| | |
|---|---|
| Dated: June 2, 2022 | Dated: June 2, 2022 |
| WOOD, SMITH, HENNING & BERMAN LLP | MOSS BERG INJURY LAWYERS |
| | |
| */s/ Susana Santana* | */s/ Boyd Moss III* |
| JOEL D. ODOU | BOYD MOSS III |
| Nevada Bar No. 7468 | Nevada Bar No. 8856 |
| SUSANA SANTANA | JOHN C. FUNK |
| Nevada Bar No. 13753 | Nevada Bar No. 9255 |
| 2881 Business Park Court, Suite 200 | 4101 Meadows Lane Suite 110 |
| Las Vegas, NV 89128 | Las Vegas, NV 89107 |
| | |
| *Attorneys for Postmates, LLC, Postmates, Inc., and Timothy Allen Vandyke* | *Attorneys for Plaintiff Jovanni Oseguera* |

*Oseguera. v. Postmates, LLC. et. al.*
*Case Number: 2:22-cv-00216-JAD-EJY*

### ORDER

Pursuant to stipulation by the parties and for good cause shown, the deadlines and discovery schedule in this case are extended and continued as follows:

| | |
|---|---|
| **Amend pleadings/Add parties:** | Not applicable |
| **Initial experts** | TBD until automatic stay lifted |
| **Rebuttals** | TBD until automatic stay lifted |
| **Discovery Cutoff** | TBD until automatic stay lifted |
| **Dispositive Motions** | TBD until automatic stay lifted |
| **Joint Pre-Trial Order** | TBD until automatic stay lifted |

**IT IS SO ORDERED.**

Dated: June _2_, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**

Respectfully Submitted By:

WOOD, SMITH, HENNING & BERMAN LLP


*/s/ Susana Santana*
_____
JOEL D. ODOU
Nevada Bar No. 7468
SUSANA SANTANA
Nevada Bar No. 13753
2881 Business Park Court, Suite 200
Las Vegas, NV 89128

*Attorneys for Postmates, LLC, Postmates, Inc., and Timothy Allen Vandyke*