Joel D. Odou
Nevada Bar No. 7468
Susana Santana
Nevada Bar No. 13753
**WOOD, SMITH, HENNING & BERMAN LLP**
2881 Business Park Court, Suite 200
Las Vegas, Nevada 89128-9020
Telephone: 702 251 4100 ♦ Fax: 702 251 5405
jodou@wshblaw.com
ssantana@wshblaw.com

Attorneys for Postmates, LLC, Postmates, Inc.
and Timothy Allen Vandyke

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA, SOUTHERN DIVISION

| | |
|---|---|
| JOVANNI OSEGUERA, an individual,<br><br>    Plaintiff,<br><br>    v.<br><br>POSTMATES, LLC; POSTMATES, INC;<br>TIMOTHY ALLEN VANDYKE; and DOES<br>1 through 10, inclusive, and ROE<br>CORPORATIONS 1 - 10 inclusive,<br><br>    Defendants. | Case No. 2:22-cv-00216-JAD-EJY<br><br>**STIPULATION AND ORDER**<br>**REGARDING FRCP 35 EXAMINATION**<br>**OF PLAINTIFF**<br><br>Trial Date:          None Set |

IT IS HEREBY STIPULATED by and between Plaintiff JOVANNI OSEGUERA, by and through his counsel of record Moss Berg Injury Lawyers, and Defendants POSTMATES, LLC, POSTMATES, INC., TIMOTHY ALLEN VANDYKE, by and through their counsel of record, Wood, Smith Henning & Berman LLP, that Plaintiff JOVANNI OSEGUERA will submit to an FRCP 35 Examination (hereinafter "examination") with Dr. Jeffrey Wang on December 2, 2022 located at 2500 W Sahara Ave, Suite 207, Las Vegas, NV 89102, and the parties agree to the following parameters for the same:

/ / /

/ / /

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

1.     The Rule 35 Medical Examination shall be conducted in a manner that is respectful to the Plaintiff. If the examining doctor or examining doctor's staff subjects the Plaintiff to any disruptive, upsetting, harassing, or embarrassing examinations, Plaintiff or the observer reserves the right to immediately terminate the examination and to file the appropriate motion with the Discovery Commissioner.

2.     The examination shall be conducted at a date and time that is convenient for the Plaintiff and that date and time shall be arranged through my office.

3.     The examination will not last longer than two (2) hours, unless extraordinary circumstances are presented to Plaintiff's counsel. If requesting more than two (2) hours, we must be presented with the estimated length of the IME two (2) weeks prior to the examination.

4.     All reasonable COVID safety measures shall be taken in conducting the examination, including those applicable to the examining doctor's business and/or facility under Senate Bill 4, signed into law in August 2020, and any regulations promulgated in response thereto.

5.     The examining doctor will not require the Plaintiff to sign or fill out any paperwork on the day of the examination, including, but not limited to "patient information forms" or "consent forms" since Plaintiff is not a patient of the examining doctor. Further, Plaintiff may not be compelled to create any items of potential documentary evidence and will not fill out any charts, new patient records, forms or histories that may be requested or provided by the examining doctor. Should the examining doctor require the Plaintiffs to complete any paperwork, then same should be provided to Plaintiff's counsel at least two (2) weeks days in advance of the examination;

6.     Defense counsel will provide to Plaintiff counsel within two (2) weeks in advance of the examination, a detailed summary of all documents that the examining doctor will be using and reviewing for this examination. If any of these documents are NOT medical records (i.e.; legal pleadings, deposition transcripts, etc), please let Plaintiff's counsel know, so that we can file a motion for protective order to preclude their use as part of this examination;

7.     The examining doctor will perform the standard ortho-spine physical exam which is medically necessary based on Plaintiff's allegations.

8.     The examining doctor will ask questions and then proceed with the physical exam.

/ / /

/ / /

/ / /

9.      Neither defense counsel, nor any other representatives of Defendant, will attend the examination. If there will be anyone besides the examining doctor in the examination room, for example, an examining doctor's assistant or staff member, you will provide me with the name(s) of such person(s) two (2) weeks prior to the examination and we reserve the right to object to their presence during the examination;

10.     Defense counsel shall provide the examining doctor with copies of any and all relevant medical records prior to the examination;

11.     The Plaintiff will not be required to wait at the doctor's office for longer than thirty (30) minutes before the time the examination is scheduled to begin; Both the examining doctor and Plaintiff will not cancel within forty-eight (48) hours of the exam unless it is for good cause;

12.     Plaintiff will not be asked to disrobe or wear any inappropriate clothing, such as a hospital gown;

13.     Questions with respect to liability for the subject litigated incident may not be asked by the examining doctor or any agent or representative of the examining doctor. Further, the examining doctor will not attempt to use this exam to take a statement or deposition of Plaintiff or use this examination to ask biomechanical or legal/litigation type questions;

14.     Plaintiff will be allowed to audio record this examination and this is our notice to you that our client will be bringing a nurse observer to this examination (Kay Goodby RN). The observer will not in any way interfere, obstruct, or participate in the examination. The audio recording will be provided to opposing counsel within 5 days of the same being received by plaintiff counsel.

15.     No x-rays or radiographs may be obtained during the examination, including, but not limited to, EMG, EEG, MRI, CT scans, etc.  There will be no intrusive tests.  If any such studies are necessary for the IME, please detail in writing why such studies are necessary and the protocol for conducting such radiographic studies;

16.     Plaintiff will not complete any psychological and/or psychometric testing in neither written nor oral form;

17.     The examining doctor will accurately report the findings and test results;

18.     This will be the only Rule 35 Medical Examination allowed in this matter based on the claims alleged and information known to date;

/ / /

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

19.   Defense counsel agrees that should the examining doctor violate any of the above-mentioned conditions, Plaintiffs' counsel will be able to comment on the same at trial as well as the fact that these conditions were explained to the medical experts prior to the examination;

20.   The examining doctor will produce defense counsel with a copy of their entire file related to their exam, including any test materials/raw data. Handwritten notes, e-mails (sent and received), and all documents generated or received by the initial expert deadline;

21.   Defendant will forward a copy of the examining doctor's report and entire file to Plaintiff's counsel by the initial expert disclosure deadline; excluding documents or items that are privileged and/or otherwise protected by the applicable rules;

22.   Defense counsel shall notify the examining doctor of these conditions and have them agree prior to commencement of the examination;

23.   Defendant and Defense counsel can never state or represent to a jury that we agreed to Defendant's chosen doctor to perform this examination.

24.   If Plaintiff fails to appear for the Examination, without giving the parties sufficient notice to reschedule, this would be extremely prejudicial to Defendants as they may be subject to late cancellation fee(s). Thus, Defendants reserve the right to petition the court for relief as to the same.

**IT IS SO STIPULATED.**

Dated: November 29, 2022                    Dated: November 29, 2022

WOOD, SMITH, HENNING & BERMAN LLP          MOSS BERG INJURY LAWYERS


*/s/ Susana Santana*                        */s/ Boyd Moss III*
JOEL D. ODOU                               BOYD MOSS III
Nevada Bar No. 7468                        Nevada Bar No. 8856
SUSANA SANTANA                             JOHN C. FUNK
Nevada Bar No. 13753                       Nevada Bar No. 9255
2881 Business Park Court, Suite 200        4101 Meadows Lane Suite 110
Las Vegas, NV 89128                        Las Vegas, NV 89107

*Attorneys for Postmates, LLC, Postmates, Inc.,*   *Attorneys for Plaintiff Jovanni Oseguera*
*and Timothy Allen Vandyke*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

STIPULATION AND ORDER REGARDING FRCP 35 EXAMINATION OF PLAINTIFF

*Oseguera. v. Postmates, LLC. et. al.*
*Case Number: 2:22-cv-00216-JAD-EJY*

### ORDER

IT IS HEREBY ORDERED that Plaintiff, JOVANNI OSEGUERA, will appear for an FRCP 35 Examination Dr. Jeffrey Wang on December 2, 2022 located at 2500 W Sahara Ave, Suite 207, Las Vegas, NV 89102.

IT IS FURTHER ORDERED that the Parties will comply with the parameters set forth above for the FRCP 35 examination.

**IT IS SO ORDERED.**

Dated: November 29, 2022

_____
**UNITED STATES MAGISTRATE JUDGE**

Respectfully Submitted By:

WOOD, SMITH, HENNING & BERMAN LLP

*/s/ Susana Santana*
_____
JOEL D. ODOU
Nevada Bar No. 7468
SUSANA SANTANA
Nevada Bar No. 13753
2881 Business Park Court, Suite 200
Las Vegas, NV 89128

*Attorneys for Postmates, LLC, Postmates, Inc.,*
*and Timothy Allen Vandyke*

WOOD, SMITH, HENNING & BERMAN LLP
Attorneys at Law
2881 BUSINESS PARK COURT, SUITE 200
LAS VEGAS, NEVADA 89128-9020
TELEPHONE 702 251 4100 ♦ FAX 702 251 5405

26907413.1:05472-0748                     -5-                     Case No. 2:22-cv-00216-JAD-EJY
STIPULATION AND ORDER REGARDING FRCP 35 EXAMINATION OF PLAINTIFF